No. 2921 Northern Essex, ss.

CARRIER (C. Francis Leary)
v. CHECKOWAY (Raymond N. Evans)

From the District Court of Newburyport—Nelson, J.

Argued June 23, 1941—Opinion Filed July 14, 1941

PETTINGELL, J. (Jones, P.J., & Sullivan, J.)—Action of contract in which the plaintiff seeks to recover board of a horse for the time that the horse was held by the plaintiff. It is undisputed that the horse belongs to the defendant and that it was properly in the plaintiff's care. There is a controversy of fact whether an agreement had been completed by which the defendant had agreed to buy the horse in question and the plaintiff had agreed to sell him; also as to the terms under which the plaintiff held the horse if no such sale had been agreed upon. No request for a ruling of law raises the sufficiency of any pertinent finding of fact, and no finding of fact was specifically

made. So far as rulings of law and allied findings of fact are concerned, the case stands in undecided territory.

The trial court found that the defendant owed the plaintiff board at fifty cents a day. Preceding this finding there was testimony that a custom exists that when possession of a horse is transferred from the owner to a third person, and the horse is not worked, there will be a charge of that amount. There was testimony also that the plaintiff had notified the defendant that the plaintiff was charging board for the horse; also that the plaintiff had notified the defendant to come and get the horse.

The appellant, the owner of the horse, alleges error in the denial of three rulings requested by the defendant. They are as follows:

"1. On all the evidence a finding for the defendant is warranted.

"5. There is no evidence of an express contract to pay board.

"6. On all the evidence it was the obligation of the plaintiff to return the horse to the defendant."

There was no error in the denial of the 1st and 6th requested rulings. Each is based on "all the evidence," and neither contains specifications. In each case, Rule 27, of the District Court Rules (1940 Ed.), clearly applies.

There was no error in the denial of the 5th requested ruling. The case is not based upon an express contract. There was evidence that there was a transfer of the possession of the horse, under circumstances in which custom provided that a charge for the horse's board would be made if he was not worked. There was testimony that he was not worked, that the owner was notified to remove him, but persisted in leaving him in the plaintiff's care. No rule of law requires a custodian to bear indefinitely without compensation the expense of an idle horse.

No prejudicial error appearing, the report is to be dismissed.